# DOCKET NO. 22-13340
## United States Court of Appeals

### for the
### Eleventh Circuit

SEDONA PARTNERS, LLC

*Appellant,*

v.

ABLE MOVING & STORGE INC., et al.

*Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN CIVIL DOCKET FOR CASE #: 1:20-cv-23242-BB

**APPELLEE, PARAMOUNT TRANSPORTATION SYSTEMS, INC.'S ANSWER BRIEF**

ROBERT M. BORAK, ESQ.
SPECTOR RUBIN, P.A.
3250 Mary Street, Suite 405
Miami, Florida 33133
Tel – (305) 537-2006
Fax – (305) 537-2001
*Counsel for Appellee, Paramount Transportation Systems, Inc.*

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ................................................................................ 1

STATEMENT OF THE CASE .................................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................... 2

ARGUMENT AND CITATIONS OF AUTHORITY ................................................. 3

   a.  Adoption and incorporation of co-Appellee's Arguments and Citations of Authority. ............................................................................................................. 3

   b.  The Appeal should be dismissed for Appellant's failure to identify all persons or entities having an interest in this litigation. ............................................................ 3

   c.  The District Court was persuaded by *Bingham*. .................................................. 5

CONCLUSION ............................................................................................................ 6

CERTIFICATE OF SERVICE .................................................................................... 7

ASPEN AMERICAN INSURANCE COMPANY v. TESSCO
TECHNOLOGIES, INC. v. LANDSTAR RANGER, INC.
DOCKET NO. 22-10740
CITATIONS OF AUTHORITIES

**Cases**

*A1 Procurement, LLC v. Hendry Corp.*, 2012 WL 12844745, * 4 (S.D. Fla. Oct. 12, 2012) ................................................................................................................. 5

*Bingham v. HCA, Inc.,* 783 F.App'x 868 (11th Cir. 2019) ....................................... 3, 6

*Fed. Recovery Servs. Inc. v. U.S.*, 72 F.3d 447, 453 (5th Cir. 1995) .......................... 5

**Cases**

*A1 Procurement, LLC v. Hendry Corp.*, 2012 WL 12844745, * 4 (S.D. Fla. Oct. 12, 2012) ................................................................................................................. 5

*Bingham v. HCA, Inc.,* 783 F.App'x 868 (11th Cir. 2019) ....................................... 3, 6

*Fed. Recovery Servs. Inc. v. U.S.*, 72 F.3d 447, 453 (5th Cir. 1995) .......................... 5

**Rules**

Eleventh Circuit Rule 26.1 ....................................................................................... 3, 4

Fed. R. Civ. P. 9(b) ................................................................................................... 1, 6

USCA11 Case: 22-10740   Document: 70   Date Filed: 03/16/2023   Page: 3 of 17

ASPEN AMERICAN INSURANCE COMPANY a/s/o DESSCO
TECHNOLOGIES, INC. v. LANDSTAR RANGER, INC.
DOCKET NO. 22-10740
**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT**

Pursuant to 11th Circuit Rule 26.1-1, Appellee Paramount Transportation Systems, Inc. certifies that, to the best of our knowledge, the following persons and entities have an interest in this appeal:

- Abam, Ruddy, Attorney for Appellee New World International, Ltd.

  Able Moving & Storage, Inc., Appellee

- Adams, C. Quinn, Attorney for Appellee

- Albert, Alan D., Attorney for Appellee J. K. Moving and Storage, Inc.

  Arpin International Group, Inc., Appellee

- Berger, Justin T., Attorney for Appellant Sedona Partners, LLC

- Berman, Stuart A., Attorney for Appellee Paxton Van Lines, Inc.

  Bloom, Beth, United States District Judge

- Borak, Robert M., Attorney for Appellee Paramount Transportations Systems

- Boutin, Kevin J., Attorney for Appellant Sedona Partners, LLC

- Burke, Melanie M., Attorney for Appellee Hilldrup Companies, Inc.

- Calderwood, James A., Attorney for Appellee Arpin International Group, Inc.

- Cartwright International Van Lines, Inc., Appellee

- Clark, Havan M., Attorney for Appellant Sedona Partners, LLC

iii

- Cole, Scott Allan, Attorney for Hilldrup Companies, Inc.

- Coleman American Moving Services, Inc, Appellee

- Cuffman, Timothy, Attorney for Appellee Hilldrup Companies, Inc.

- Dewitt Companies Limited, LLC, Appellee

- Ederi, Ariella J., Attorney for Appellee Coleman American Moving Services, Inc.

- Fahimi, Sarvenaz J., Attorney for Appellant Sedona Partners, LLC

- Fiore, Kristen Marie, Attorney for Appellee Cartwright International Van Lines, Inc.

- Fischman, Noam B., Attorney for Appellee Cartwright International Van Lines, Inc.

- Gonzalez, Juan Antonio, United States Attorney for the Southern District of Florida, Attorney for United States of America

- Gordon, Andrew Michael, Attorney for Appellee New World International, Ltd.

- J. K. Moving and Storage, Inc., Appellee

- Harris, Robert, Attorney for Appellee Paxton Van Lines, Inc.

- Hill, Thomas C., Attorney for Appelle Coleman American Moving Services, Inc.

- Hilldrup Companies, Inc., Appellee

- Hubbard, Maria Fernanda, Attorney for Appellee Arpin International Group, Inc.

- Kaplan, Aryeh L., Attorney for Appellee Coleman American Moving Services, Inc.

- Kessler, Michael Isaac, Attorney for Appellee J. K. Moving and Storage, Inc.

- Kiehn, Kristin D., Attorney for Appellee Hilldrup Companies, Inc.

- Knight, Bryan, Attorney for Appellee Western Express Forwarding, LLC

- Langley, Matthew J., Attorney for Appellee Dewitt Companies Limited, LLC

- Lee, Stephen Chahn, Attorney for Appellee Dewitt Companies Limited, LLC

- Meyer, Charles G., Attorney for Appellee J. K. Moving & Storage, Inc.

- Monaghan, Maura K., Attorney for Appellee Hilldrup Companies, Inc.

- Murphy, Thomas F., Attorney for Appellee Western Express Forwarding, LLC

- New World International, Ltd., Appellee

- Oria, Irene, Attorney for Appellee Able Moving & Storage, Inc.

- Otazo-Reyes, Alicia M., United States Magistrate Judge

- Pantelopoulos, Nicholas E., Attorney for Appellee Arpin International Group, Inc.

- Paramount Transportations Systems, Appellee

- Paxton Van Lines, Inc., Appellee

- Pelletier, Paul E., Attorney for Appellant Sedona Partners, LLC

- Perez, Lorayne, Attorney for Appellee Cartwright International Van Lines, Inc.

- Postman, Barry, Attorney for Appellee Hilldrup Companies, Inc.

- Rabin, Adam T. Attorney for Appellant Sedona Partners, LLC

- Sedona Partners, LLC, Appellant

- Shapiro, Craig B., Attorney for Appellee Western Express Forwarding, LLC

- Silversmith, Jolyon A., Attorney for Appellee Arpin International Group, Inc.

- Silverstein, Michael B., Attorney for Appellee Dewitt Companies Limited, LLC

- Sims, Charles M., Attorney for Appellee J. K. Moving & Storage, Inc.

- Sorel, Justin C., Attorney for Appellee Hilldrup Companies, Inc.

- Spector, Andrew R., Attorney for Appellee Paramount Transportations Systems

- Torres Bruner, Ghislaine G., Attorney for Appellee Arpin International Group, Inc.

- United States Department of Justice, The

- United States Department of State, The

- United States General Services Administration, The

- Wansac, Alexis N., Attorney for Appellee Coleman American Moving Services, Inc.

- Weinkle, James, Assistant United States Attorney, Southern District of Florida, Attorney for United States of America

- Western Express Forwarding, LLC, Appellee

- Wright, Robert T., Jr., Attorney for Appellee Able Moving & Storage, Inc. Wyman, James H., Attorney for Appellee New World International, Ltd.

- Yingling, Andrew S., Attorney for Appellee Arpin International Group, Inc.

- Zeeck, Brian R., Attorney for Appellee New World International, Ltd.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellee Paramount Transportation Systems, Inc. states that it is not publicly traded and no publicly traded entity owns more than 10% of its

stock.

Dated:                                          March 1, 2023

                                                          SPECTOR RUBIN, P.A.
Attorneys for Appellee Paramount Transportation Systems, Inc.
3250 Mary Street
Suite 405
Miami, FL 33133
Tel – (305) 537-2006
Fax – (305) 537-2001

By:     /s/ Robert M. Borak
ROBERT M. BORAK, ESQ.
FLA. BAR NO. 015923
ANDREW R. SPECTOR, ESQ.
FLA. BAR NO. 634093

ASPEN AMERICAN INSURANCE COMPANY a/s/o TESSCO
TECHNOLOGIES, INC. v. LANDSTAR RANGER, INC.
DOCKET NO. 22-10740
**CERTIFICATE OF COMPLIANCE**

This filing complies with the type-volume limitation of Fed. R. App. P. 27 and Fed. R. App. P. 32 because this filing contains 2658 words.

           **SPECTOR RUBIN, P.A.**
           Attorneys for Appellee
           Paramount Transportation
           Systems, Inc.
           3250 Mary Street
           Suite 405
           Miami, FL 33133
           Tel – (305) 537-2006
           Fax – (305) 537-2001

           By:   /s/ Robert M. Borak
           ROBERT M. BORAK, ESQ.
           FLA. BAR NO. 015923
           ANDREW R. SPECTOR, ESQ.
           FLA. BAR NO. 634093

ASPEN AMERICAN INSURANCE COMPANY a/s/o TESSCO
TECHNOLOGIES, INC. v. LANDSTAR RANGER, INC.
DOCKET NO. 22-10740

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in relying on the reasoning and instructions of an unpublished opinion from the Eleventh Circuit in dismissing a Second Amended Complaint on the grounds that a Relator in a Federal False Claims Action may not circumvent the heightened pleading standard of Fed. R. Civ. P. 9(b) based upon documents received in discovery.

2. Whether the District Court erred in relying on the reasoning and instructions of an unpublished opinion from the Eleventh Circuit in striking from a Second Amended Complaint information obtained through informal discovery from a party upon whom a subpoena had been served.

## STATEMENT OF THE CASE

Appellee Paramount Transportation ("Paramount") accepts Section I and Section II(A) of Appellant's Statement. Paramount adopts the Statement of the Case as set forth in co-Appellee's Answer Brief [Doc. 69] and incorporates same herein.

Paramount, however, specifically addresses Relator's multiple references to the scheme of "Defendants" in its Statement of the Case and throughout its Brief. That is, Relator had lumped together ten (10) distinct entities and refers to the alleged actions as "Defendants' Scheme". However, nowhere in the pleadings below is there any allegation that any of the Defendants (Appellees herein) acted in concert with respect to any alleged "scheme". This is not a class action, but rather ten (10) separate actions improperly joined together by an anonymous Relator. The alleged actions of each of

1

the Appellees is factually distinct. However, the legal analysis applied by the District Court which is on appeal here, is identical for all of the claims.

## SUMMARY OF THE ARGUMENT

Dismissal of the Appeal is warranted for Relator's failure to comply with Eleventh Circuit Rule 26.1-3. Specifically, Relator's entire CIP consists of a single statement as follows: "No such subsidiary, conglomerate, affiliate, parent corporation, or publicly held corporation that owns 10% or more of the party's stock exists to disclose." The CIP fails to disclose a list of trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations having an interest in the outcome of this case or appeal, or other identifiable legal entities related to Relator – despite the CIP form clearly requiring this information.

Although this failure alone warrants dismissal, it must be assumed that the failure was intentional. That is, throughout the course of these proceedings, Relator has deliberately concealed the true identity or nature of the entity which filed suit. Specifically, Relator has carefully chosen to conceal where it is located, what it does, how it obtained the inside information required to maintain an FCA action, or the identity of the members of the limited liability company, which should certainly have an interest in the outcome of this litigation and thus should have been identified in the CIP.

Paramount incorporates and adopts the Summary of the Arguments as set forth in co-Appellees' Answer Brief. Paramount also contests Relator's arguments raised in

2

its Initial Brief that the District Court felt <u>bound</u> by the decision reached in *Bingham*. *Bingham v. HCA, Inc.,* 783 F.App'x 868 (11th Cir. 2019). Rather, based upon the orders issued, the District Court was clearly <u>persuaded</u> by the reasoning in *Bingham* that relators should not be encouraged to file frivolous lawsuits with the hope of obtaining through discovery the information needed to pass the heightened pleading requirement for fraud. Further, Relator failed to point out any binding precedent other than *Bingham* for the District Court to follow and, as such, the District Court properly struck the pleadings and dismissed the Second Amended Complaint.

## ARGUMENT AND CITATIONS OF AUTHORITY

a. **Adoption and incorporation of co-Appellee's Arguments and Citations of Authority.**

Paramount specifically adopts and incorporates co-Appellee's Argument and Citations of Authority as set forth in their Answer Brief. Such incorporation is appropriate since the legal position of each of the Appellees are identical and the Order appealed applies uniformly to all claims against all of the Appellees.

b. **The Appeal should be dismissed for Appellant's failure to identify all persons or entities having an interest in this litigation.**

Eleventh Circuit Rule 26.1-3 requires every party to identify all interested persons with every Brief filed. Relator's entire CIP consists of a single statement as follows: "No such subsidiary, conglomerate, affiliate, parent corporation, or publicly held corporation that owns 10% or more of the party's stock exists to disclose." The

CIP fails to disclose – as set forth in the form it submitted – a list of trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations having an interest in the outcome of this case or appeal, or other identifiable legal entities related to Relator.

Relator is a limited liability company. As such, it undoubtedly has members which have an interest in this litigation. Relator also has failed to disclose the names of any other entity, attorney or firm with an outcome in this litigation. This failure to comply warrants dismissal in accordance with Rule 26.1-5(c).

Further, it must be assumed that the failure was intentional. That is, throughout the course of these proceedings, Relator has deliberately concealed the true identity or nature of the entity which filed suit. Specifically, Relator has carefully chosen to conceal where it is located, what it does, how it obtained the inside information required to maintain an FCA action, or the identity of the members of the limited liability company, which should certainly have an interest in the outcome of this litigation and thus should have been identified in the CIP.

In the proceedings below, the identify of the Relator was questioned by the Defendants. Relator responded only that "the Sedona Partners entity that Cartwright identifies has no affiliation with Relator in this case, which is not, and never has been, incorporated in Florida." [Doc. 56-3 at page 32]. Notably, Relator does not reveal which "Sedona Partners" entity it is, or where it is incorporated.

Appellees again challenged the identity of "Sedona Partners" in its Motion to

4

Dismiss the Second Amendment Complaint, arguing that Relator failed to qualify as an original source because it was not in existence at the time that the alleged fraud occurred. [Doc 226-1 at p. 14 n.5). That is, there were only three other entities in the United States established under the name "Sedona Partners LLC"— none of which was qualified to maintain the claims in the litigation since they were either established <u>after</u> the alleged frauds or dissolved prior to same first allegedly occurring. [Doc. 226-1 at p. 14 n.5).

Relator's refusal to identify itself has further implications, in that a relator cannot proceed anonymously under the False Claims Act—including by creating a limited liability company solely for litigation purposes. *See Fed. Recovery Servs. Inc. v. U.S.*, 72 F.3d 447, 453 (5th Cir. 1995); *A1 Procurement, LLC v. Hendry Corp.*, 2012 WL 12844745, * 4 (S.D. Fla. Oct. 12, 2012) ("[D]efendants have the right to know who their accusers are," and this "presumption in favor of public access is especially strong where … the filings involve allegations of fraud against the government") (internal quotation marks omitted).

In its Response, Relator did not address these arguments <u>at all</u>. Now at the appellate stage, Relator continues to conceal its identity, contrary to the Rules of this Court.

   c. **The District Court was persuaded by *Bingham*.**

Relator's entire appeal is based on what is perceives as reversible error of the District Court for being <u>bound</u> by an unpublished decision from this Court. Yet, the

5

District Court in the Order appealed from herein specifically addressed the issue that *Bingham* was unpublished, noting that "Relator fails to cite any legal authority from the Eleventh Circuit that contravenes the Eleventh Circuit's holding in *Bingham*, but merely relied upon non-Eleventh Circuit cases." [Doc. 265 at p. 12].

Rather than believing it was bound by the decision, the District Court instead was clearly <u>persuaded</u> by this Court's instructions in *Bingham* to the district courts to "strike allegations to promote compliance with Rule 9(b) and to ensure that a relator's strong financial incentive to bring an FCA case does not precipitate in the filing of frivolous lawsuits." [D.E. 265 at p. 12].

With this in mind, the District Court then further held that "If the Court were to allow Relator to use information it obtained in discovery, it would effectively be permitting relators to make baseless allegations, conduct discovery in hopes of discovering information that will substantiate their allegations, and amend pleadings to state a viable claim if they discover corroborating evidence. The Court declines to render the Rule 9(b) heightened pleading standard a nullity in such a manner by permitting the use of information obtained during the course of discovery, even if it substantiates Relator's initial claims." [Doc. 265 at p. 13].

As noted, the District Court denied Relator's request to have a fourth bite at the apple and denied leave to file a third amended complaint.

## **CONCLUSION**

Appellant is an anonymous entity which filed a frivolous claim against eleven

6

distinct entities with hopes that discovery would reveal evidence of fraudulent acts by some or all of them, in violation of the FCA. The District Court gave Appellant every opportunity to present its claims and the Appellant failed to do so. The District Court was persuaded by this Court's reasoning in an unpublished ruling and, have not received any contrary authority to the contrary, properly dismissed the case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

**SPECTOR RUBIN, P.A.**
Attorneys for Appellee
Paramount Transportation
Systems, Inc.
3250 Mary Street, Suite 405
Miami, Florida 33133
Tel – (305) 537-2006
Fax – (305) 537-2001

By: /s/ Robert M. Borak
ROBERT M. BORAK, ESQ.
FLA. BAR NO. 015923
ANDREW R. SPECTOR, ESQ.
FLA. BAR NO. 634093